IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

4:20CR **301**

PLEA AGREEMENT

LITTLE BLESSINGS LEARNING CENTER,
LLC,

        Defendant.

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel,
Joseph P. Kelly, United States Attorney and Steven A. Russell, Assistant United States Attorney,
and defendant, LITTLE BLESSINGS LEARNING CENTER, LLC, by and through Mubanga
Chongo-Ofafa, officer and member, and  James K. McGough, counsel for defendant, as follows:

# I

## THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

    Defendants agrees to waive Indictment and plead guilty to an Information.  Count 1
charges a violation of Title 18, United States Code, Section 641, theft of government property.

# II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

    Defendant understands that the offense to which defendant is pleading guilty has the
following elements:

    1.    The defendant knowingly and willfully embezzled, stole, converted to defendant
use, or converted to the use of another, money or property of value, with the intention of
depriving the owner of the use or benefit of the money or property;

    2.    The money or property belonged to the United States; and

    3.    The value of the money or property was more than $1,000.

1

B.      ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

The United States Department of Health and Human Services (HHS) is responsible for administering the "Child Care and Development Block Grant Act of 1990, as amended in the Consolidated and Further Continuing Appropriations Act of 2015. The Child Care and Development Fund Program (CCDF), along with the Child Care Mandatory and Matching Funds are part of part of this block grant funding process from the United States to the States, Territories, Tribes, tribal organizations and other entities of the United States. The United States Department of Health and Human Services administers these block grant funds through the Child Care Bureau in the Office of Family Assistance of the Administration for Children and Families (ACF). The CCDF provides child care subsidies to low-income families whose parents are employed or engaged in approved job training. The purpose of the CCDF program is to increase the availability, affordability, and quality of child care services by providing federal funding to States, Territories, Indian Tribes, and tribal organizations.

Under the CCDF, a State will designate a lead agency to be accountable for the grant funds provided. The lead agency has the authority to administer the program through governmental and non-governmental agencies. Furthermore, it states that the lead agency has the authority to retain responsibility for the funds, determine the basic usage and priorities of funding expenditures, promulgate all rules and regulations governing overall administration of the plan, including the expenditure of CCDF federal funds. During all times material to this Indictment, the Nebraska Department of Health and Human Services (NDHHS) was the designated lead agency for Nebraska to be accountable for the grant funds provided by the United States under the CCDF.

Federal law defines the eligibility requirements for a child care provider that can receive reimbursement for child care under the CCDF. Among the requirements are that the child care provider be a licensed child care provider under applicable State or local law and satisfy all State and local requirements applicable for the child care services it provides. Nebraska state law regulates child care services within the State of Nebraska. These regulations govern child care home facilities and child care centers. Nebraska state law classifies child care facilities. Each

2

class of child care must be licensed by the State of Nebraska. Each child care home or provider must sign a contract with the NDHHS agreeing to be bound by all rules and regulations of the United States and the State of Nebraska pertaining to the child care facility and the administration of the CCDF.

In order to receive CCDF funds, the licensed child care provider must keep records of attendance for each student who qualifies for CCDF funding. These records must show the applicable date and time when the child was present at the applicable child care home or center. The child care provider will submit electronically to the NDHHS a claim for reimbursement for the agreed upon level of care in the contract of the provider with the State related to the dates and times that the eligible child was at the child care home or center. The claims are then paid by the NDHHS using the block grant federal funds from the CCDF. The claims are submitted to the NDHHS under penalty of perjury as being true and correct representations of when the child was present in the child care home or center. The CCDF funds are paid to the child care provider through direct deposit wire transfers with the State of Nebraska.

Mubanga Chongo-Ofafa (Ofafa) was the owner of Little Blessings Omaha (LBs Omaha) and Little Blessings Lincoln (LBs Lincoln) and has been listed as the owner, with NDHHS, of each day care from the inception of each business to the date of this Indictment. Ofafa signed documents for both entities with the State of Nebraska to receive reimbursement payments through the CCDF for child care expenses for eligible children pursuant to the rules and regulations of the United States and the State of Nebraska. Both LBs Omaha and LBs Lincoln were licensed by the State of Nebraska as a Child Care Center. Kogera Njoroge served as an Operations Director for both LBs Omaha and LBs Lincoln and was trained by the State of Nebraska in the submission of CCDF claims for reimbursement.

From on or about the 23rd day of December, 2015, to on or about the 31st day of December, 2016, in the District of Nebraska, the defendant, LITTLE BLESSINGS LEARNING CENTER, LLC, knowingly and willfully stole, purloined and converted to it's own use money and property of the United States and of any department or agency thereof, having a value in excess of $157,000, in that LITTLE BLESSINGS LEARNING CENTER, LLC intentionally submitted and caused to be submitted materially false claims for payment to the State of Nebraska Department of Health and Human Services. The submissions reported materially false information which inflated the number of children and the hours the children attended the Little

3

Blessings Learning Center, Omaha in order to receive payments from the United States and the United States Department of Health and Human Services through the Child Care and Development Block Grant Program.

### III

### PENALTIES

A.    COUNT I.  Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1.    A maximum $500,000 fine;

3.    A mandatory special assessment of $100 per count; and

4.    A term of probation of up to 5 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

5.    Possible ineligibility for certain Federal benefits.

### IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V

### SENTENCING ISSUES

A.    SENTENCING AGREEMENTS.

Although the parties understand that the Guidelines are advisory and only one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will

4

4:20-cr-03091-RGK-CRZ   Doc # 9   Filed: 10/02/20   Page 5 of 10 - Page ID # 27

jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable). Unless otherwise stated, all agreements as to sentencing issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

      1.     If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendants offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

      2.     The parties agree that the amount of loss will be determined by the District Court. The United States asserts that the defendant should be held responsible beyond a reasonable doubt for an amount of loss of $158,099 and, therefore, pursuant to U.S.S.G. 2B1.1, the defendant's base offense level is 16. The Defendant reserves the right to present evidence to the Probation Office and the Court that asserts a different loss amount. The parties agree that the Court will determine the appropriate loss amount for both restitution and guideline purposes

      3.     The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. This relevant conduct includes losses resulting from Little Blessings Learning Centers in Omaha and Lincoln. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

The United States of America, by and through the United States Department of Health and Human Services

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.     ACCEPTANCE OF RESPONSIBILITY.

Notwithstanding paragraph A above, the United States will not recommend any

adjustment for Acceptance of Responsibility if defendant:

1.   Fails to admit a complete factual basis for the guilty plea at the time it is entered, or

2.   Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or

3.   Fails to appear in court, or

4.   Engages in additional criminal conduct, or

5.   Attempts to withdraw the guilty plea, or

6.   Refuses to abide by any lawful court order, or

7.   Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the entity who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C.     ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553.

The parties agree that defendant may request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), and that the United States will oppose any such downward adjustments, departures, and sentence reductions not set forth in Section V, paragraph A above.

D.     CRIMINAL HISTORY.

The parties have no agreement concerning the defendant's Criminal History Category.

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

## VI

## DEFENDANTS WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendants conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendants could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a)  The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b)  The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violate any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII

## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability, which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

8

E.  By signing this agreement, the defendant waives the right to withdraw the defendant plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).  The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5).  Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendants certify that defendants, by and through their officer and member, have read it (or that it has been read to defendants in the defendants officer's native language).  Defendants have discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

_10 - 1 - 2020_
Date

STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

LITTLE BLESSINGS LEARNING CENTER, LLC,

DEFENDANT

_9/30/20_
Date

MUBANGA CHONGO OFAFA,
Officer and Member

_9-30-2020_
Date

JAMES K. McGOUGH
COUNSEL FOR DEFENDANT

10